**Robert L. MERRICK and Philip A. Kachinski, Plaintiffs,**

v.

**SEA–LAND SERVICE, INC., Defendant.**

**Civ. No. 81–3675.\***

United States District Court, D. New Jersey.

Oct. 3, 1983.

---

\* Affirmed on other grounds July 11, 1984, CA–3, No. 83–5751.

Francis J. Dooley, Orange, N.J., and Phillips & Cappiello, New York City, for plaintiffs; Ned R. Phillips, New York City, of counsel.

Michael D. Wilson, Hoboken, N.J., for defendant; Sandra R.M. Gluck, New York City, of counsel.

## MEMORANDUM

BIUNNO, Senior District Judge.

In this case plaintiffs filed a complaint to recover penalty payments under the provisions of 46 U.S.C. § 596.

Defendant moved for summary judgment under the theory of *U.S. Bulk Carriers v.*

*Arguelles,* 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971) and *Cady v. Twin Rivers Towing Co.,* 486 F.2d 1335 (CA–3, 1973).

Very briefly, the statute provides for payment of a penalty if seaman's wages are not timely paid. The Supreme Court, in *Arguelles,* ruled that the mere fact that the governing collective bargaining agreement contained a clause for grievance procedure did not operate to bar a seaman "at his option" from bringing suit for the statutory remedy under 46 U.S.C. § 496 if he so chose, thereby ignoring the grievance procedure under the agreement.

*Cady* ruled that if the seaman exercises the option to make use of the collective bargaining grievance procedure, his choice, so exercised, bars later claims under the statute for the same controversy.

In the present case, the plaintiffs presented their claims by means of the grievance procedure. Their claim was for 3 days' pay. The controversy was resolved by the agreement of defendant to pay wages for 2 of the 3 days in dispute, and the record shows that the settlement amount was paid and accepted. Thereafter, the present suit was filed for the penalty portion provided by the statute.

Plaintiffs filed a cross-motion for summary judgment instead of responding to defendant's motion. At argument, the court allowed it to be presented and argued together with argument on defendant's motion, and ruled from the bench that there was no genuine issue of material fact, and that defendant was entitled to judgment as a matter of law. The order was signed February 15, 1983 and filed February 16, 1983, granting defendant's motion and denying plaintiffs' cross-motion.

On the thirteenth day thereafter (March 1, 1983), plaintiffs filed a motion for reconsideration, together with the affidavit of their New York counsel admitted pro hac vice, and the reargument was heard March 28, 1983.

At that hearing it appeared that neither side had ordered the transcript of the argument on the initial ruling, and so the court was obliged to reserve the reconsideration. That transcript was eventually filed a month later, and the transcript of the reargument more than a month after that.

After reviewing the entire file, including the briefs and both the original motion and the reargument, and the transcripts of the two oral arguments, the court is satisfied that its ruling is correct and should not be disturbed. The record clearly shows that the claim for 3 days' wages originally in dispute was submitted to the grievance procedure and there settled by the payment of 2 days' wages which was accepted.

To allow a later suit under the statute would not only do violence to the principles laid down by the two cases cited, but it converts the option to pursue one course or the other into a right to pursue and recover on both. It would rob the settlement of all meaning.

A separate order is entered denying plaintiffs' motion after reconsideration.